(R.D. 11642)

MANHATTAN NOVELTY CORP. *v.* UNITED STATES

Entry No. 61154.

(Decided March 20, 1969)

*Lane, Young & Fox*, for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

FORD, Judge: The proper basis for dutiable purposes of certain radio phonographs and tape recorders exported from Japan covered by the above appeal for a reappraisement is before the court for determination.

The parties hereto have entered into a stipulation of fact wherein it has been agreed as follows:

IT IS STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court, that the

merchandise covered by the above appeal for reappraisement consists of radio phonographs and tape recorders exported from Japan subsequent to February 27, 1958.

That tape recorders are not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and that the said merchandise was entered for consumption subsequent to February 27, 1958.

That on or about the date of exportation of the said tape recorders, the price at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value, less the proportionate share of the buying commission, as stated on the invoice.

That radio phonographs are identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and that the said merchandise was entered for consumption subsequent to February 27, 1958.

That on or about the date of exportation of the said radio phonographs, the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantities, and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value, less the proportionate share of the buying commission, as stated on the invoice; and that there was no higher foreign value.

IT IS FURTHER STIPULATED AND AGREED that the above appeal for reappraisement may be submitted for decision upon this stipulation.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the involved tape recorders and that said value is the appraised value, less the proportionate share of the buying commission, as stated on the invoice, packed; and that export value as that value is defined in section 402a(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, *supra*, is the proper basis of value for the involved radio phonographs and that said value is the appraised value, less the proportionate share of the buying commission as stated on the invoice, packed; and that there was no higher foreign value.

Judgment will be entered accordingly.